United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHRYN SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-0206 |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants Trans Union LLC and Equifax Information Services, LLC's Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Document No. 28). Having considered the Defendants' motion, submissions, and applicable law, the Court determines that the motion should be granted with respect to Defendant Trans Union LLC and denied as moot with respect to Defendant Equifax Information Services, LLC.

## I. BACKGROUND

This is a matter involving alleged violations of the Fair Credit Reporting Act. Plaintiff Kathryn Smith contends that she is the victim of identity theft. Plaintiff alleges that, on several occasions, she sent written documentation to Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, ("Equifax") and Trans Union LLC ("Trans Union") (collectively "CRA Defendants") requesting that the identity theft information be blocked. Plaintiff

further alleges that the CRA Defendants failed to "timely block identity-theft information, failed to conduct reasonable reinvestigations, and continued to publish inaccurate and misleading consumer reports."[1] Lastly, Plaintiff contends that Defendants Midland Credit Management Inc. ("Midland"), Jefferson Capital Systems, LLC, Credit One Bank NA, PennyMac Loan Services, LLC, Capital One Bank NA, The Bank of Missouri, Stride Bank NA, and Austin Capital Bank (collectively "Furnisher Defendants") "failed to reasonably investigate and failed to correct or delete the fraudulent information they furnished."[2]

Based on the foregoing, on January 12, 2026, Plaintiff filed suit in this Court pursuant to federal question jurisdiction, asserting a claim against the Furnisher Defendants for "furnisher violations" and claims against the CRA Defendants for: (1) identity theft blocking; (2) failure to reinvestigate; and (3) failure to maintain reasonable procedures.[3] On March 10, 2026, Defendants Trans Union and Equifax filed a joint motion to dismiss.[4] Plaintiff has not responded to Defendants' motion

---

[1] *Plaintiff's Complaint*, Document No. 1 at 4.

[2] *Plaintiff's Complaint*, Document No. 1 at 4.

[3] *Plaintiff's Complaint*, Document No. 1 at 4–5.

[4] *See Defendants Trans Union LLC and Equifax Information Services, LLC's Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support*, Document No. 28 at 1.

to dismiss, either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

3

## III. LAW & ANALYSIS

Defendants Trans Union and Equifax move to dismiss Plaintiff's claims, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to the motion to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider the merits of Plaintiff's claims against Trans Union.[5] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff brings claims against Defendant Trans Union for: (1) "15 U.S.C. § 1681c-2 (Identity Theft Blocking)"; (2) "15 U.S.C. § 1681i(a) (Failure to Reinvestigate)"; and (3) "15 U.S.C. § 1681e(b) (Failure to Maintain Reasonable Procedures)[.]"[6] The Fair Credit Reporting Act ("FCRA") governs credit reporting and provides for private rights of action in some cases. *See* 15 U.S.C. §§ 1681 *et seq*. Most pertinent here, a plaintiff seeking to recover under the aforementioned sections of the FCRA must plead sufficient facts showing factual inaccuracy in their credit report. *See Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 267 n.3 (5th Cir.

---

[5] The Court notes *Stipulation of Dismissal by Equifax*, Document No. 61 at 1. Because Plaintiff has dismissed the claims against Equifax, the Court finds that the pending motion to dismiss should be denied as moot with respect to Equifax. Nonetheless, the Court will consider the motion as it relates to Plaintiff's claims against Trans Union.

[6] *Plaintiff's Complaint*, Document No. 1 at 4.

4

2000) (relating to 15 U.S.C. § 1681e(b)); *Morris v. Trans Union LLC*, 420 F.Supp.2d 733, 751 (S.D. Tex. 2005) (relating to 15 U.S.C. § 1681i(a)); *Johnson v. Trans Union, LLC*, No. 3:25-CV-273-X-BN, 2026 WL 852188 (N.D. Tex. Jan. 27, 2026) (requiring a plaintiff to allege the "'information that resulted from an alleged identity theft'" for purposes of 1681c-2.) (citation omitted).

Here, Trans Union contends, in relevant part, that "Plaintiff's Complaint, nor her Exhibits incorporated therein, plausibly allege any factual inaccuracy in the CRA Defendants' reporting to sustain her FCRA claims, nor could they provide the CRA Defendants' any notice of what, if anything, Plaintiff claims is somehow 'inaccurate.'"[7] Plaintiff offers no rebuttal. A review of the record in this matter reveals that Plaintiff fails to identify what information was inaccurate. The Court notes that Plaintiff purports to attach an "Itemization of Disputed Identity" as Exhibit A, but further notes that Exhibit A contains nothing more than further conclusory allegations and fails to identify what specific information was inaccurate.[8] Furthermore, with respect to Plaintiff's 15 U.S.C. § 1681i(a) claim, the Court notes that Plaintiff fails to identify what specific information resulted from any alleged

---

[7] *Defendants Trans Union LLC and Equifax Information Services, LLC's Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support*, Document No. 28 at 8 (citation omitted).

[8] *See Plaintiff's Complaint*, Document No. 1, Exhibit A at 2 (*Itemization of Disputed Identity*) (referencing "[m]ultiple credit-card, loan, and bank account" but failing to identify any specific credit cards, loans, or bank accounts.).

identity theft.[9] Based on the foregoing, and the clearly established precedent that, as a preliminary matter, a plaintiff seeking to recover under the FCRA must plead sufficient facts to show a factual inaccuracy, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and thus, that Defendant Trans Union's motion should be granted.[10]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Trans Union LLC and Equifax Information Services, LLC's Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Document No. 28) is **GRANTED** with respect to Defendant Trans Union LLC. The Court further

**ORDERS** that Defendants Trans Union LLC and Equifax Information Services, LLC's Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Document No. 28) is **DENIED AS MOOT** with respect to Defendant Equifax Information Services, LLC. The Court further

---

[9] *See e.g. Itemization of Disputed Identity, supra* note 8 at 2 (identifying "[f]raudulent [c]ollections . . . arising from identity theft" but failing to identify any specific collections.).

[10] Considering the Court's finding that Plaintiff fails to plead sufficient facts to show a factual inaccuracy, the Court declines to consider Trans Union's remaining argument related to Plaintiff's failure to notify Defendants of any alleged errors.

6

**ORDERS** that Plaintiff's claims against Defendant Trans Union LLC are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this **26** day of June, 2026.

DAVID HITTNER
United States District Judge